18-217-cr
United States v. Khusanov

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                        No. 18-217-cr

DILSHOD KHUSANOV,

*Defendant-Appellant*,

------------------------------------------------------------------------

APPEARING FOR APPELLANT:   NICHOLAS KAIZER (Richard W. Levitt, *on the brief*), Levitt & Kaizer, New York, New York.

APPEARING FOR APPELLEE:   DAVID K. KESSLER, Assistant United States Attorney (Jo Ann Navickas, Alexander A. Solomon, Douglas M. Pravda, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*) denying bail and ordering pretrial detention.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 10, 2018, is AFFIRMED.

Defendant Dilshod Khusanov, who is awaiting trial on charges of conspiring and attempting to provide material support to a foreign terrorist organization, appeals from an order denying him pretrial release on bail. *See* 18 U.S.C. § 2339B(a)(1). We review a denial of pretrial bail for clear error. *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011). In applying that standard here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   The Legal Standard

The Bail Reform Act permits a district court to order pretrial detention only if it finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Four factors properly inform this determination: "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; "(3) the history and characteristics of the person"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). Where, as here, a defendant has been indicted for violating 18 U.S.C. § 2339B(a)(1), a rebuttable presumption arises that no conditions can provide the requisite

2

assurances. *See id.* at § 3142(e)(3). Such a presumption places "a limited burden of production—not a burden of persuasion" on the defendant to "com[e] forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. English*, 629 F.3d at 319 (internal quotation marks omitted). Such production "does not eliminate the presumption favoring detention." *Id.* Rather, it "remains a factor to be considered among those weighed by the district court," with the government bearing the ultimate burden of making a preponderance showing that the defendant poses a risk of flight and a clear and convincing showing that he presents a danger to persons or the community. *Id.* (internal quotation marks omitted).

2.     The District Court Did Not Clearly Err in Denying Khusanov Bail

Khusanov argues that the district court clearly erred in denying him bail because it gave undue weight to the nature of the charged offense, transforming a rebuttable presumption into an irrefutable one; failed to consider certain information; and made "a series of erroneous and misleading factual findings." Def. Br. 10 (emphasis omitted). We are not persuaded.

The district court correctly characterized the charges against Khusanov as "serious" and observed that they exposed him to a maximum possible prison term of 30 years, thereby providing a strong incentive to flee the country. As Khusanov himself acknowledges, a district court does not clearly err in concluding that a defendant facing a potentially lengthy prison sentence possesses a strong motive to flee. *See United States v. Sabhnani*, 493 F.3d 63, 76 (2d Cir. 2007). Nevertheless, Khusanov urges error by maintaining that he is

unlikely to face such a sentence, even if convicted, because a more culpable party in the conspiracy received only a 15-year sentence. Before the district court, he also maintained that his alleged support for terrorism—providing approximately \$2,400 to finance a would-be ISIS supporter's travels—was relatively minor.[1] The arguments merit little discussion.

First, we need not consider how, at a future sentencing following trial, the district court might view Khusanov's culpability compared to that of a confederate who pleaded guilty. This is because, even if, as a practical matter, Khusanov's maximum sentence exposure were only 15, rather than 30, years' imprisonment, that would still be sufficient to provide him with a strong incentive to flee. *See United States v. Jackson*, 823 F.2d 4, 6–7 (2d Cir. 1987) (concluding that "indictment under which the defendant faces at least ten years of imprisonment" created risk of flight). Insofar as Khusanov argues that his failure to flee when confederates were first apprehended rebuts any presumption that he is a risk of flight now, the district court was not compelled so to conclude. Rather, the court could think that a defendant would perceive a greater threat to his liberty—and, therefore, posed a greater risk of flight—when he faced actual charges rather than simply anticipated possible charges. *See id.* at 6 (rejecting argument defendant's failure to flee prior to arrest although knowing he was under investigation did not make him a risk of flight).

Second, the district court acted well within its discretion in viewing Khusanov's conduct as more serious than he urges. As the district court observed, the terrorist

---

[1] At oral argument, the government clarified that Khusanov himself actually contributed only \$200 to \$400.

4

organizations to which Khusanov allegedly provided support have a history of particularly violent conduct. Further, the specific purpose for Khusanov's attempted support was to facilitate violence by allowing persons to travel to Syria to wage "jihad against the United States and its allies." Tr. 31:4–11.

In thus reasonably deciding that the first statutory factor weighed heavily in favor of detention, the district court hardly transformed a rebuttable presumption against pretrial release into an irrefutable one. This is evident from the district court's recognition of its obligation to consider the remaining § 3142(g) factors.

As to the second factor, the weight of the evidence against Khusanov, the district court recognized that much of the evidence was recorded or documented, making it difficult to refute. This included intercepted communications in which Khusanov discussed financing Akhror Saidakhmetov's travel to Syria to participate in ISIS jihad,[2] as well as bank records documenting Khusanov's transfer of funds to co-conspirator Akmal Zakirov only days before Saidakhmetov's planned travel to Syria. Khusanov's argument that this evidence is not as inculpatory as the government urges may show the possibility for disagreement as to weight, but not clear error as to the weight assigned by the district court. *See United States v. Shakur*, 817 F.2d 189, 196 (2d Cir. 1987) (recognizing that weight to be accorded each § 3142(g) factor is special province of district court); *see also*

---

[2] The district court appears to have erred in stating that Khusanov "discussed efforts to raise money *with* [rather than *for*] Mr. Saidakhmetov, to enable Saidakhmetov to join ISIS . . .," Tr. 31:23–25, but the error is harmless because the corrected fact is equally inculpatory.

5

*United States v. English*, 629 F.3d at 319 (holding that, in bail context, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous" (internal quotation marks omitted)).

As to the third factor, personal history, Khusanov's claim that the district court failed to consider this at all is belied by the record wherein the district court acknowledged reviewing all materials presented on bail, which included a defense letter detailing Khusanov's age, immigration status, criminal record, country of origin, family information, occupation, and state of residence. Moreover, the district court stated on the record its awareness that Khusanov "was in the process of obtaining U.S. citizenship and has a strong support network of financially responsible individuals who are willing to cosign a bond securing his pre-trial release." Tr. 7:23–8:1; *see id.* at 32:11–12 (commending as "admirable" fact that sureties have come forward). In sum, the district court may not have assigned these facts favoring bail as much weight as Khusanov thinks they warrant; but that is no basis for identifying clear error. *See United States v. Shakur*, 817 F.3d at 196.

We reach the same conclusion as to the fourth factor, the nature and seriousness of the danger to any person or the community posed by Khusanov's release. The government argued that Khusanov's danger was evident from his involvement in a domestic terrorist support network and his text messages lamenting that "mistakes . . . among the mujahedeen" had prevented confederate Zakirov from participating in "jihad." Tr. 8:2–14; Gov't App'x 29–30. Khusanov argues that even if this evidence demonstrates

that Khusanov could pose a danger to persons outside the United States if released, it demonstrates no danger to any person or community within the United States. We are doubtful that the fourth factor is so geographically cabined, particularly when the terrorist organizations that Khusanov allegedly attempted to support target members of the United States armed forces serving abroad and encourage terrorist acts within this country. *See*, *e.g.*, Rukmini Callimachi, Benjamin Mueller, Michael Schwirtz, and Adam Goldman, *Islamic State Claims Responsibility for Lower Manhattan Terrorist Attack*, N.Y. Times (Nov. 2, 2017), https://www.nytimes.com/2017/11/02/nyregion/manh attan-terror-attack-wedding.html; *see also Am. Civil Liberties Union v. Dep't of Def.*, 229 F. Supp. 3d 193, 211 (S.D.N.Y. 2017) ("Today, portions of Iraq have been overrun by ISIS, a barbaric terrorist organization whose pernicious campaign of public beheadings, enslavement, and indiscriminate killings of people it considers apostates are indisputable proof that its members, like many other terrorists that the United States has fought in Iraq and Afghanistan, do not need pretexts for their barbarism." (internal quotations marks omitted)). But even assuming the narrow construction urged by Khusanov, where, as here, there is a presumption that defendant cannot be released on any conditions that will ensure the safety of persons or the community, and where that presumption arises because defendant attempted to support a terrorist organization, ISIS, committed to surprise, as well as planned, attacks on United States persons inside, as well as outside, this country, Khusanov cannot demonstrate that the district court clearly erred in denying him bail because his particular charged crimes sought to support ISIS abroad. Rather, the district

court was entitled to conclude that a person in this country who criminally commits to supporting ISIS clearly and convincingly presents a danger to United States persons and communities in this country, as well as abroad.

Khusanov argues that the district court's denial of bail rests on erroneous factual findings. We have already explained why any misstatement about speaking "with" Saidakhmetov is harmless. *See supra* at 5 n.1. As for the district court's observation that Khusanov posted on an Uzbek ISIS website, which the government concedes was mistaken, we conclude that this error was also harmless as the observation appears not to have played any significant part in the district court's bail decision. Insofar as Khusanov charges the district court with erroneously accusing him of direct participation in various ISIS atrocities, the record does not support the argument. The district court stated that Khusanov stood "indicted for attempting and conspiring to provide material support to ISIS," which is "an organization[] responsible for" various extreme acts of violence. Tr. 31:3–11. Both parts of this statement are correct and do not imply what Khusanov urges. The district court's other challenged factual findings are well supported by the record.

We have considered Khusanov's remaining arguments and conclude that they are without merit. Accordingly, the district court's order denying bail pending trial is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court